STATE OF MONTANA ex rel., JOHN PORTER NELSON, Relator, v. THE DISTRICT COURT of the EIGHTEENTH JUDICIAL DISTRICT et al., Respondents.

No. 11612
Submitted Feb. 11, 1969.
Decided Feb. 28, 1969.
450 P.2d 887.

Corette, Smith, Dean & Wellcome, Page Wellcome (argued), Butte, for relator.

Landoe & Gary, Bozeman, for respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an original proceeding seeking a writ of supervisory control or other appropriate writ against the district court of the Eighteenth Judicial District in connection with action taken by that court in its cause numbered 16893 following remand from this Court. For a history and introduction to the present problem see White v. Nollmeyer, 151 Mont., 387, 443 P. 2d 873.

The proceedings for which supervisory control is sought generally involve the application of proceeds from an execution sale to separate judgments secured by Walter A. White and Lorraine H. White against Floyd Nollmeyer and John Porter Nelson II, respectively.

The facts relating to the original appeal, insofar as they relate to the issue in the instant case, are quite simple. The Whites sued Nollmeyer and Nelson for breach of contract to purchase a drugstore business in Bozeman. On Feb. 28, 1966, a default judgment was taken separately against Nollmeyer in the amount of the unpaid balance due under the contract, interest, and attorneys' fees of $7500. Execution was levied against the contents of the drugstore, an execution sale was held, and the net proceeds in the amount of $5,726.63 turned over to the Whites.

Subsequently the Whites' claims against Nelson were litigated. On January 4, 1967, following trial, a separate judgment was entered in favor of the Whites against Nelson for the same unpaid balance due under the contract, interest, and attorneys' fees of $2000.

On appeal, this Court generally affirmed both judgments but remanded the case to the disrtict court for inclusion in both judgments appropriate language indicating ''that satisfaction

in whole or in part of either judgment constitutes whole or partial satisfaction of the other judgment to the same extent." Mont., 443 P2d 873, 879.

Following remand, the Whites (1) moved to amend the two judgments by inserting a provision in each "that a satisfaction or partial satisfaction of the judgment against either defendant *for the amount of the unpaid balance due on the contract plus interest* shall work to the extent as a satisfaction or partial satisfaction of the judgment against the other defendants" Emphasis added), and (2) for an order applying the proceeds of the execution sale to the Nollmeyer judgment with no corresponding reduction of the Nelson judgment. Nelson proposed that the identical language contained in the Court's opinion quoted in the preceding paragraph be incorporated in each judgment thereby reducing the Nelson judgment to the same extent as the Nollmeyer judgment.

After hearing, the district court granted the Whites' motions incorporating the language contained in their motions in the respective judgments. This application by Nelson for supervisory control followed.

The underlying issue before this Court is whether the district court's application of proceeds of the execution sale to the Nollmeyer judgment without corresponding reduction of the Nelson judgment is correct. This issue arises because the award of attorneys' fees was assessed separately and in unequal amounts in the judgment against Nollmeyer, on the one hand, and Nelson on the other.

Initially, the net proceeds of the execution sale must be applied to the Nollmeyer judgment. This is true because (1) the execution was issued and levied on the judgment, (2) at the time of the levy of execution, the sale of the property, and the remittance of the proceeds to the Whites, no judgment had yet been secured against Nelson, and (3) the property levied upon was the separate property of Nollmeyer, with Nelson

having no interest therein other than application of said property to reduce the indebtedness under the contract.

But can the judgment creditors apply these proceeds to that part of the judgment on which the judgment debtor is separately and individually liable to the exclusion of that part of the judgment on which there is joint and several liability with another judgment debtor?

We think not under the circumstances disclosed in this case. The Whites proceeded to judgment separately at different times against each of two joint and several obligees, took judgment against each in the full amount on the joint and several liability for the balance due on the contract, and then commingled in each judgment a separate and individual award of special damages by way of attorneys' fees, although the attorneys' fees were as much a joint and several obligation of both as was the balance due on the contract. In so proceeding to judgment the Whites have effectively prevented Nelson from contesting the default award of $7500 attorneys' fees against Nollmeyer. A comparison of this default award of attorneys' fees against Nollmeyer with the $2000 award against Nelson after a full scale trial illustrates the advantage the judgment creditors gained by proceeding as they did. To now permit the judgment creditors to apply the proceeds of the execution sale to the separate default award of attorney's fees against Nollmeyer is to permit the creditors to effectively dissipate the assets that normally would be available to reduce Nelson's joint and several liability. The judgment creditors' manner of proceeding as they did not only separated Nelson from the assets available to satisfy his joint and several liability, but also prevented him from contesting the default award of attorneys' fees against Nollmeyer. The judgment creditors, having received the benefit of a default award of attorneys' fees 3½ times as great as those awarded against the other judgment debtor for the same liability after trial, are estopped from further enhancing such advantage by isolating the proceeds of the execution sale from application to the joint and several libility of Nelson.

388

Accordingly, let a write of supervisory control issue directing the district court to take the following action with respect to its "Judgment" dated December 12, 1968 in Cause numbered 16893 in that court: (1) to strike the words "for the amount of the unpaid balance due on the contract plus interest" appearing on lines 4 and 5 of page 2 and again on lines 28 and 29 of page 2; (2) to strike the words "against the attorneys' fees and costs awarded in this matter" appearing on line 11 of page 2 and substitute therefor the words "to said judgment"; (3) to strike paragraph 3 commencing on line 31 of page 2 and concluding on line 7 of page 3 and substitute therefor the following words: "That the proceeds of the execution sale in the amount of Five Thousand Seven Hundred Twenty-six and 63/100 dollars ($5,726.63) heretofore ordered applied to the judgment against Floyd Nollmeyer shall partially satisfy the judgment against John Porter Nelson II by said sum."

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES BONNER, JOHN C. HARRISON and CASTLES, concur.